**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:11-CR-22-TLS |
| | ) | |
| OSIRIS ESPINOZA | ) | |

**OPINION AND ORDER**

The Defendant, Osiris Espinoza, pled guilty to conspiring to distribute and to possess

with intent to distribute cocaine in violation of 21 U.S.C. § 846. On February 28, 2013, the Court

sentenced the Defendant and judgment was entered. On April 18, 2014, the Defendant filed a

motion to collaterally attack his sentence on grounds that his counsel rendered ineffective

assistance. The Court denied the motion on grounds that he had knowingly and voluntarily

waived collateral review of his sentence in a plea agreement with the Government.

The Defendant has filed another Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence By a Person in Federal Custody [ECF No. 329], asserting that the Court was

without jurisdiction to hear or consider his criminal case because the Grand Jury did not enter

the results of its voting on the public record. The Court finds that the Defendant's Petition,

because it is a second or successive motion that has not been authorized by the court of appeals,

must be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2255(h) (providing that a "second or

successive motion must be certified as provided in section 2244 by a panel of the appropriate

court of appeals"); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate

court of appeals for an order authorizing the district court to consider the application."); *Suggs v.*

*United States,* 705 F.3d 279, 282 (7th Cir. 2013) ("Without authorization from the court of

appeals, the district court has no jurisdiction to hear the petition." (citing *Burton v. Stewart*, 549

U.S. 147, 152–53, (2007)); *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007)

(holding that unless the defendant "seeks and obtains permission from the court of appeals to file

[a second or successive] motion, the district court is without jurisdiction to entertain his

request").

The Plaintiff argues that his previous motion was merely a "placeholder motion" and

should not count as "an actual collateral attack" that triggers the authorization requirements for a

second motion. (Petition 15, ECF No. 329.) Rather, he states that his original motion was an

attempt to "acquire documents to aide in preparation [of] an actual §§ 2255 motion." (*Id.*) The

Court does not find this argument to have merit. The Petition was styled as a "Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody."

(Motion, ECF No. 319.) The Plaintiff argued that his counsel was ineffective "for failure to

properly attack the Safety Valve provisions and identify other avenue for relief." (Motion at 4.)

"[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to

vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be

treated as a section 2255 motion." *Carraway*, 478 F.3d at 848.

By filing his motion, the Plaintiff was not entitled to add new grounds for relief at his

leisure. *See Mayle v. Felix*, 545 U.S. 644, 661–62 (2005) (holding that new claims for habeas

relief do not relate back to the original motion merely because they involve the same court

proceedings).

> Congress enacted AEDPA to advance the finality of criminal convictions. To that
> end, it adopted a tight time line, a one-year limitation period ordinarily running
> from "the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review," 28 U.S.C. §

> 2244(d)(1)(A). If claims asserted after the one-year period could be revived
> simply because they relate to the same trial, conviction, or sentence as a timely
> filed claim, AEDPA's limitation period would have slim significance.

*Mayle*, 545 U.S. at 662 (internal citation omitted).

According to Rule 2 Governing Section 2255 Proceedings for the United States District Courts, a habeas motion must "specify all grounds for relief available to the moving party" and "state the facts supporting each ground." Although the Plaintiff maintained in his motion that he reserved the right make additional arguments, the motion triggered the requirement that the judge who conducted the underlying criminal proceedings "promptly examine" the motion and dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief." Rule 4(b) Governing Section 2255 Proceedings. Here, the Court was able to determine from the motion and the record of prior proceedings that the Defendant was not entitled to relief from the only claims presented because "[i]t is well-settled that waivers of direct and collateral review in plea agreements are generally enforceable." *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013). None of the limited instances when a knowing and voluntary waiver of collateral review will not be enforced—such as when the sentence exceeded the statutory maximum, when the plea or court relies on a constitutionally impermissible factor like race, or when counsel is ineffective in the negotiation of the plea agreement, *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012) (citing *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011))—were implicated by the Defendant's Motion. His claims, that his trial counsel rendered ineffective assistance with respect to application of the safety valve and discovering other potential sentence reductions, had nothing to do with the negotiation of the Plea Agreement. *See, e.g., Bridgeman v. United States*, 229 F.3d

589, 593 (7th Cir. 2000) (ineffective assistance of counsel claims that relate to anything other than plea negotiation, for example, those related to counsel's performance at sentencing, are barred by an enforceable waiver); *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000) (because the defendant's ineffective assistance of counsel claim related only to counsel's performance with respect to sentencing, it had nothing to do with the issue of a deficient negotiation of the waiver and was barred by a waiver).

In this case, judgment has been issued on one habeas motion, and the Seventh Circuit has not authorized the Plaintiff to file a second or successive motion pursuant to § 2255. Accordingly, this Court must dismiss it for lack for lack of jurisdiction. An unauthorized successive collateral attack cannot satisfy the criteria for a certificate of appealability. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005).

## CONCLUSION

For the reasons stated above, the Court DISMISSES the Defendant's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody [ECF No. 329] as a second or successive petition over which this Court has no jurisdiction. The Court DECLINES to issue a certificate of appealability.

SO ORDERED on July 31, 2014.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4